**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO COURTHOUSE**

| | |
|---|---|
| MARIO MACIAS; MARIA TERESA MACIAS,<br><br>Plaintiffs,<br><br>vs.<br><br>SPENCER RIVAS PEREZ; SUSAN ARCY; ESTATE OF SUSAN ARCY; FORD MOTOR COMPANY AND DOES 1 THRU 500, INCLUSIVE<br><br>Defendants. | **CASE NO. 10cv973-MMA (BGS)**<br><br>**PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercially sensitive and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford") in this action, it is ordered that:

1. Documents to be produced by Ford or Plaintiffs in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order", or other similar language in accordance with the provisions of this Order, whether identified as "Sharing" or "Non-Sharing", shall only be used, shown or disclosed as provided in this Order.

2.    As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3.    The burden of proving that a Protected Document contains confidential technical information is on the party producing the document. Prior to designating any material as "Protected", the producing party must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage the party's competitive position. If a party disagrees with the "Protected" designation of any document, the party will so notify the producing party in writing. If the parties are unable to agree, within **14 days** of receiving such notice, the parties will follow Chambers' Rules regarding discovery disputes to bring the matter to the Court's attention. Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status.

4.    The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy in a location that does not cover or mark over any textual material if possible.

5.    Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the qualifications set forth herein.

6.    Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a.    Counsel of Record for the parties and the parties. Additional Counsel of Record shall be required to agree and sign this Protective Order before receiving any Protected Documents;

      b.     Employees of Counsel of Record involved in the preparation and trial of this action;

      c.     Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

      d.     The Court, the Court's staff, witnesses, and the jury in this case; and,

      e.     Attorneys representing Plaintiffs, and the experts and non-attorney consultants retained by such attorneys, in other cases either pending or being investigated against Ford involving a 2004-2008 Ford 150 (P221 platform) involving the same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Plaintiffs' Counsel must make reasonable efforts to insure the individuals described in paragraphs 6(b), 6(c) and 6(e) above are "Qualified Persons".

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for Ford within thirty (30) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiffs' Counsel, Defendants' Counsel, and all persons described in paragraph 6 above may not post Protected Documents on any website or internet

accessible document repository.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, or to the extent that deposition testimony is otherwise marked "confidential", such documents, information and/or testimony shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents, information and/or testimony.

11. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

12. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order" and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

13. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any

accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14.     Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

15.     This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by Court Order or an instrument in writing signed by the parties. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16.     After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation for a period of **six months**.

17.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18.     All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

19.     Should a party producing documents contend that certain, specific selected documents contain information of a highly sensitive proprietary and/or commercial nature which it desires to produce subject to greater restrictions than provided in paragraph 6, the producing party shall visibly mark such material "Subject to

Non-Sharing Protective Order" or other similar designation as "Non-Sharing." The marking will be made in the document margin so as to not obscure the text of the document in the original or any copies if possible. Documents so marked and information therein may not be disclosed pursuant to paragraph 6(e) above. If a party disagrees that any document so designated should not be entitled to such restrictions, the party will so notify the producing party in writing. The producing party will timely apply to this Court to set a hearing for the purpose of establishing that said information is confidential and that "Non-Sharing" restrictions are justified. Any document so marked as "Non-Sharing" will continue to be treated as such pending determination by the Court as to its confidential status.

20. Within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents which are marked "Non-Sharing" or other similar designation as "Non-Sharing" pursuant to paragraph 18 of this Protective Order shall either: (a) return to Ford the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above; or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to Ford.

21, Within ninety (90) days after the conclusion of this case, the Court shall securely destroy the Protected Documents. Further, any action by the Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential and Attorneys' Eyes Only Material to the party that produced the information or the destruction thereof.

/ / /
/ / /
/ / /
/ / /
/ / /

22, Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

IT IS HEREBY ORDERED THIS 4th DAY OF March, 2011.

Hon. Bernard G. Skomal
U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO COURTHOUSE**

| | |
|---|---|
| MARIO MACIAS; MARIA TERESA MACIAS,<br><br>Plaintiffs,<br><br>vs.<br><br>SPENCER RIVAS PEREZ; SUSAN ARCY; ESTATE OF SUSAN ARCY; FORD MOTOR COMPANY AND DOES 1 THRU 500, INCLUSIVE<br><br>Defendants. | **CASE NO. 10cv973-MMA (BGS)**<br><br>(Removed from Imperial County Superior Court – Case No. ECU05180)<br><br>**Assigned to:** Hon. Michael M. Anello<br>**Department:** 5<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**<br><br>Action File:         May 12, 2009 |

### **EXHIBIT A**

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.     I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.     I agree that my signature below submits me to the jurisdiction of the United States District Court, Southern District of California, San Diego Courthouse, in which the action of *Mario Macias, Maria Teresa Macias vs. Spencer Rivas Perez, Susan Arcy, Estate of Susan Arcy, Ford Motor Company and Does 1 thru 500,*

*inclusive*, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**

This _____ day of _____, 2011.

_____
Signature

SUBSCRIBED AND SWORN to before me this ___ day of _____, 2010.

_____
NOTARY PUBLIC

My Commission Expires: