UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MACIAS; MARIA TERESA MACIAS,<br><br>         Plaintiffs,<br><br>  v.<br><br>SPENCER RIVAS PEREZ; SUSAN ARCY; ESTATE OF SUSAN ARCY; FORD MOTOR CO.,<br><br>         Defendants. | Civil No.   10cv973-MMA (BGS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO COMPEL MARIO MACIAS'S ORAL DEPOSITION**<br><br>**[DOC. NO. 15.]** |

   Before the Court is Plaintiff Maria Teresa Macias's motion for a protective order precluding her oral deposition and Defendant's motion to compel Plaintiff Mario Macias's oral deposition. (Doc. No. 15.) The Court has reviewed the parties' arguments, and for the following reasons, **DENIES** Maria Teresa Macias's motion for protective order and **GRANTS** Defendant's motion to compel Mario Macias's oral deposition.

### RELEVANT BACKGROUND

   On May 13, 2007, a vehicle crash occurred in the desert of southeast California. The subject Ford F-150 rolled at least twice and two of the vehicle's occupants suffered fatalities. Plaintiffs Mario Macias and Maria Teresa Macias, the parents of decedent Gabriela Macias, filed this lawsuit alleging products liability causes of action claiming that the roof was crushed during

the accident and that negligent manufacturing and/or design defect caused the fatal injuries to Gabriela Macias.

On May 19, 2009, Plaintiffs filed their Complaint in the Superior Court of California, County of Imperial. Plaintiffs did not serve Defendant Ford Motor Company ("Defendant") with the Summons and Complaint until January 29, 2010. On February 26, 2010, Defendant served Plaintiffs with interrogatories and requests for production of documents. Plaintiffs did not respond to these discovery requests. On May 5, 2010, Defendant removed the case to federal court pursuant to diversity jurisdiction. (Doc. No. 1.)

On September 13, 2010, the Court held an Early Neutral Evaluation Conference ("ENE"). (Doc. No. 7.) Plaintiffs Mario and Maria Teresa Macias appeared in person. The Court held a telephonic Case Management Conference on November 3, 2010, and issued the operative scheduling order. (Doc. No. 11.) The scheduling order set April 1, 2011, as the deadline for the completion of all fact discovery.[1] (*Id*.) On January 13, 2011, Ford noticed Plaintiffs depositions to take place February 16, 2011. (Joint Mot., Doc No. 15 at 2.) On February 14, 2011, Plaintiffs' counsel informed Defendant that Mrs. Macias would not be available for her deposition due to dialysis treatments. (*Id*. at 8.) At the request of Plaintiffs' counsel, Mr. Macias's deposition was continued to March 9, 2011. (*Id*. at 2.) However, on March 4, 2011, Plaintiffs' counsel informed Defendant that Mr. Macias's deposition could not go forward on March 9, but stated that alternative dates would be provided. (*Id.*) To date, Plaintiffs' counsel has not provided any alternative date for Mr. Macias's deposition.

### I. Maria Teresa Macias's Motion for Protective Order

Defendant has the right to take the oral deposition of a party or witness before trial. Fed. R. Civ. P. 30(a)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. . . ." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order

---

[1]There is a currently pending motion by Plaintiffs to reopen fact discovery. *See* Doc. Nos. 22, 26.

has a heavy burden of demonstrating the good cause for such an order. *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). "In seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition would be dangerous to the deponent's health." *Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D. N.C. 1987).

Plaintiff Mrs. Macias requests that the Court enter an order precluding Defendant from ever taking her oral deposition. Mrs. Macias receives dialysis at home and indicated to her counsel that she is weak and exhausted after her treatments. (Joint Mot., Doc. No. 15 at 6.) Mrs. Macias will agree to deposition by written questions. (*Id*.) Defendant objects to Mrs. Macias's request for a protective order prohibiting her oral deposition. (*Id*.) Defendant offered to take her deposition at a convenient location and to provide Mrs. Macias with breaks or will proceed over the course of various days in order to accommodate her treatment schedule. (*Id*. at 8.) Defendant argues that it "must be allowed an opportunity to assess her credibility and demeanor as a witness." (*Id*. at 15.)

Mrs. Macias has not come forward with any evidence that her health might be impaired by the deposition. The Court advised Plaintiffs' counsel to provide a declaration from Mrs. Macias's doctor to support the need for a protective order, however, no sworn statement was included with the motion. Furthermore, Mrs. Macias herself did not provide a sworn declaration to support her request to be excused from sitting for an oral deposition. Given the lack of specific and documented evidence showing that the oral deposition is likely to be dangerous to her health, the Court does not find good cause to require deposition by written questions. Moreover, it does not appear that submitting to deposition by written questions would cause Mrs. Macias less hardship than sitting for an oral deposition because a deposition by written questions still requires her to be present before an officer and orally respond to the written questions. Finally, Mrs. Macias's daughter, Mariana Macias, testified that her mother leaves the house to go grocery shopping and to pick Mariana's daughter up from school. (Doc. No. 27 at 2.)

Defendant's need to prepare a defense outweighs the generalized claims of hardship that Plaintiff has made. Defendant will be significantly prejudiced if Mrs. Macias is unavailable to testify at trial and Defendant was foreclosed from preserving her testimony through oral deposi-

tion. Therefore, the Court **DENIES** the motion for protective order and directs Mrs. Macias to sit for an oral deposition.

The Court orders Plaintiff Maria Macias to appear for oral deposition no later than **May 16, 2011**. The deposition may be conducted at a location convenient for Mrs. Macias, including at her home or a health care facility. Mrs. Macias will be permitted to take breaks as needed, but Defendant is entitled to depose her for up to seven hours.

**II. Defendant's Motion to Compel Mario Macias to Sit for Oral Deposition**

Defendant moves to compel Mr. Macias to sit for his oral deposition and requests monetary sanctions. (Joint Mot., Doc. No. 15 at 2-3.) The Court may, on motion, order sanctions when the party fails, after being served with proper notice, to appear for the party's deposition. Fed. R. Civ. P. 37(d).

Defendant noticed Plaintiff Mario Macias's deposition for February 16, 2011. (Joint Mot., Doc. No. 15 at 2.) Plaintiffs' counsel called Defendant's counsel on February 14, 2011 and asked that the deposition be continued to March 9, 2011—a mutually acceptable date. (*Id*.) On March 4, 2011, Plaintiffs' counsel informed Defendant that Mr. Macias could not go forward with his deposition on March 9 because he had his foot amputated. As of April 26, 2011, Plaintiffs' counsel had not provided Defendant with alternative dates for Mr. Macias's deposition. Plaintiffs oppose the motion to compel Mr. Macias to sit for an oral deposition and oppose the request for sanctions.

Although Mr. Macias is not unwilling to sit for deposition under any circumstance, his counsel argues that his availability depends on his recovery. Mr. Macias, however, has not provided the Court with any evidence to indicate that his health precludes him from submitting to an oral deposition at this time. Plaintiffs' counsel did not include a declaration from any of Mr. Macias's treating doctors to substantiate the request to indefinitely continue his deposition. The Court does not have any information from a doctor or from Mr. Macias himself to determine the least intrusive manner to conduct his deposition. Moreover, Mariana Macias testified that her father is able to leave the convalescent home for a couple of hours at a time and did so on March 26, 2011. (Supplemental Opp'n, Doc. No. 27 at 2.) Mariana further testified that her father is able to listen and respond to questions. (*Id*.)

Accordingly, the Court **GRANTS** Defendant's motion to compel and orders Mr. Macias to sit for his oral deposition no later than **May 16, 2011**. The deposition may be conducted at a location convenient for Mr. Macias, including at his home or a health care facility. Mr. Macias will be permitted to take breaks as needed, but Defendant is entitled to depose him for up to seven hours.

The Court, however, **DENIES** Defendant's request for monetary sanctions. Mr. Macias was substantially justified in failing to appear for his deposition because he was in the hospital having his foot amputated and continues to receive regular medical treatment for his health concerns. Furthermore, Defendant received advance notice that Mr. Macias would not be able to appear and testify.

### Conclusion

For the reasons stated above, the Court orders:

1. Maria Teresa Macias to sit for her oral deposition no later than **May 16, 2011.**
2. Mario Macias to sit for his oral deposition no later than **May 16, 2011.**
3. Fact discovery is not continued for any other purpose. These depositions were noticed prior to the conclusion of fact discovery and the Court's intervention was also requested prior to the conclusion of fact discovery.

IT IS SO ORDERED.

DATED: April 27, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court