|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MARIO MACIAS; MARIA TERESA MACIAS,<br><br>                    Plaintiffs,<br><br>v.<br><br>SPENCER RIVAS PEREZ; SUSAN ARCY; ESTATE OF SUSAN ARCY; FORD MOTOR CO.,<br><br>                    Defendants. | Civil No.   10cv973-MMA (BGS)<br><br>**ORDER:**<br><br>**(1) DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT REPORTS;**<br><br>**(2) ALLOWING PLAINTIFFS TO FILE A SUPPLEMENTAL OPPOSITION**<br><br>**[DOC. NO. 33.]** |

Before the Court is Defendant's Motion to Exclude Plaintiffs' Expert Witnesses for Failure to Comply with Rule 26 and Case Management Order.[1] (Doc. No. 33.) Pursuant to Civil Local Rule 7.1(d)(1), this motion is suitable for disposition on the papers submitted.

### RELEVANT BACKGROUND

On May 13, 2007, a vehicle crash occurred in the desert of southeast California. The subject Ford F-150 rolled at least twice and two of the vehicle's occupants suffered fatalities. Plaintiffs Mario Macias and Maria Teresa Macias, the parents of decedent Gabriela Macias, filed this lawsuit alleging products liability causes of action claiming that the roof was crushed during the accident and that negligent manufacturing and/or design defect caused the fatal injuries to Gabriela Macias.

The Court held a telephonic Case Management Conference on November 3, 2010, and issued the operative scheduling order. (Doc. No. 11.) The scheduling order set various deadlines relating to expert discovery. (*Id.*) Specifically, the order stated the following:

> 3. On or before **April 15, 2011**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial pursuant to Fed. R. Civ. P. 26(a)(2)(A). The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **April 29, 2011**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.
>
> 4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than May 16, 2011**, containing the information required by Fed. R. Civ. P. 26(a)(2)(B).
> **Except as provided in the paragraph below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**
>
> 5. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted

---

[1] The only matter presently before the Court is whether Plaintiffs' experts should be excluded for failing to comply with Rule 26 and the operative case management order. If either party files *motions in limine* relating to expert testimony or motions based on *Daubert v. Merrell Dow Pharm., Inc.*, 502 U.S. 579 (1993), these will be set before the assigned district judge.

by another party. Any such supplemental reports are due on or before **May 30, 2011**.

      6.    All **expert** discovery, shall be completed on or before **June 30, 2011**. Counsel shall refer to paragraph 2 above for an explanation of "completed," and Chambers' Rules for handling discovery disputes.

(Doc. No. 11.)

On April 15, 2011, Plaintiffs timely designated seven expert witnesses. (Doc. No. 33-1 at 5.) On May 16, 2011—the deadline for producing expert reports—Plaintiffs did not produce **any** expert reports. (*Id*.) Plaintiffs never requested that the Court or Defendant grant them an extension of the expert discovery deadlines. When Defendant did not receive any expert reports, Defendant's counsel immediately began the meet and confer process by setting up a meeting with Plaintiffs' counsel for May 23, 2011. (*Id*.) Plaintiffs' counsel never showed up for the meeting. (*Id*.) At about 6:00 p.m. that evening, counsel for both parties spoke and rescheduled the meet and confer conference for May 26, 2011. (*Id*.) During the May 23 phone conversation, Plaintiffs' counsel stated that he would withdraw three of the expert designations.[2] (*Id*.) On May 26, 2011, counsel for both parties met in person to discuss Plaintiffs' failure to produce expert reports. (*Id*.) At the conference Plaintiffs' counsel finally "produced a three page 'preliminary report' from one expert, Seth W. Bayer." (Doc. No. 33-1 at 6.) On May 27, 2011, Plaintiffs provided Defendant with Mr. Bayer's curriculum vitae. (*Id*.) To date, Plaintiffs have not provided Defendant with a compensation list for Mr. Bayer. (*Id*.; Doc. No. 35 at 5.) Moreover, Plaintiffs have not produced expert reports for the remaining three experts, Bob Caldwell, Terence Honikman, and Marvin Pietruszka. (*Id*.; Doc. No. 36 at 2.)

Defendant moves the Court to exclude Plaintiffs' expert witnesses because: (1) Plaintiff failed to timely provide written expert reports, and (2) the one report eventually provided fails to meet the requirements of Rule 26(a)(2). Plaintiffs do not refute that the report was untimely, but argue that the report is not deficient and that exclusion of Mr. Bayer's testimony is unwarranted because the untimeliness is both substantially justified and harmless. (Doc. No. 35.) Notably, Plaintiffs' opposition does not address their failure to produce expert reports for Bob Caldwell, Terence Honikman, or Marvin Pietruszka.

---

[2]    Plaintiffs' counsel states that he will de-designate three of his seven experts. (Doc. No. 35 at 4.) On June 20, 2011, Plaintiffs formally withdrew the designations for Kenneth Solomon, Mike Markushewski, and Kenneth Friedman. (Doc. No. 36 at 2.)

**APPLICABLE LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2) sets forth the required disclosures relating to expert testimony. Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2)(B) mandates that in addition to disclosing the identity of the expert witness, the witness must produce a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P 26(a)(2)(B).

Federal Rule of Civil Procedure 37(c) sets forth the consequences for failing to "provide information or identify a witness as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1). Pursuant to Rule 37(c)(1), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (*Id*.) The purpose of the "harmless" provision is "to avoid unduly harsh penalties in a variety of situations." Fed. R. Civ. P. 37 advisory committee notes. The exclusion sanction is "self-executing" and "automatic." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (referencing the Advisory Committee's Notes to Rule 37(c)(1) (1993 Amendments)). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the party can prove that its failure to disclose the required information is substantially justified or harmless." *Id*. at 1106–07 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.") The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* The following factors are used to guide the court's discretion: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

**DISCUSSION**

Defendant seeks an order from the Court striking all of Plaintiffs' expert reports and excluding the experts from testifying. Plaintiffs have only produced one expert report, and that report was untimely. No other reports have been produced. As mentioned above, this report and the expert's testimony will only be allowed if the untimeliness is substantially justified or harmless.

**1. Mr. Bayer's Untimely Report**

Plaintiffs' expert disclosure failed to satisfy the requirements of Rule 26(a)(2)(B) in at least two respects, i.e., Mr. Bayer's report was 10 days late and Plaintiffs have not provided Defendant with the rates Mr. Bayer charges to prepare a report and to testify. Defendant also argues that the disclosure does not comply with the requirements of Rule 26(a)(2)(B) because the disclosure is identified as a 'preliminary report,' and fails to provide 'a complete statement of all opinions the witness will express and the basis and reasons for them.' (Doc. No. 33-1 at 10(quoting Fed. R. Civ. P. 26(a)(2)(B).) Additionally, Defendant argues that the report is deficient because it does not contain 'exhibits that will be used to summarize or support [the witness's opinions].' (*Id*.)

Plaintiffs oppose Defendant's motion to strike or preclude their expert witness testimony. (Doc. No. 35.) First, they argue that Mr. Bayer's report complies with Rule 26(a)(2)(B). (*Id*. at 5.) Plaintiffs proffer that the report identifies all of the information Mr. Bayer reviewed in forming his opinion, and expresses his conclusion that he believes "it is likely the roof deformation to the subject Ford during the rollover sequence caused the fatal injury to Ms. Macias." (Mauch Decl., Doc. No. 33-1, Ex. A.) The statement of compensation for Mr. Bayer "is the only item that [Plaintiffs] inadvertently left out" of the expert disclosure and Plaintiffs contend that this "should not be grounds to exclude a report that otherwise complies with Rule 26(a)(2)(b). (Doc. No. 35at 5.) Plaintiff's next and final argument is that their failure to timely produce Mr. Bayer's report is substantially justified and harmless. (*Id*.)

A. Substantial Justification

Plaintiffs argue that the delay in producing the report is substantially justified because Mr. Bayer was in trial and could not be reached before the deadline to exchange expert witness reports. (*Id*. at 6.) The Court does not find that this reason substantially justifies the delay.

Plaintiff's counsel should have asked Defendant or the Court for a brief extension due to Mr. Bayer's unavailability. Moreover, Plaintiffs could have coordinated with Mr. Bayer to have his report produced before he was tied up in trial on another matter. This delay appears to be yet another example of the overall lack of diligence Plaintiffs' counsel has proceeded with during discovery, and dilatoriness is not substantially justified.

### B. Harmlessness

While troubling, the 10-day delay in producing Mr. Bayer's report is not a sufficient reason to grant Defendant's motion because ultimately the delay is harmless. Contrary to Defendant's contention, the circumstances in this case are not analogous to those in *Yeti*, 259 F.3d 1101. In *Yeti*, the court determined that neither the substantial justification nor harmlessness exception applied. *Id*. at 1106. Furthermore, in *Yeti*, the defendants did not even produce a "preliminary report," and actually waited until a month before <u>trial</u> before providing plaintiffs with the expert report. *Id*. at 1107. Unlike in *Yeti*, Mr. Bayer's report was provided sufficiently far enough in advance of trial to allow Defendant to prepare for and take Mr. Bayer's deposition. The situation in this case is distinguishable from one in which the expert report is produced *after* the close of all discovery and would necessarily delay the case. Furthermore, there is still sufficient time for Plaintiffs to provide Defendant with Mr. Bayer's compensation rates. Delayed notice of the amount Mr. Bayer charges to prepare a report and testify is not something that will prejudice Defendant in moving for summary judgment or preparing for trial.

### C. Compliance With Rule 26(a)(2)(B)

Finally, the Court does not find that Mr. Bayer's report "is entirely insufficient under Rule 26(a)(2)(B)." (Doc. No. 36 at 4.) Defendant contends that the report fails to provide a 'complete statement of all opinions the witness will express and reasons for them.' (Doc. No. 33-1 at 10.) But Defendant offers the Court no reason to believe that Mr. Bayer has any opinions not expressed in his report. Mr. Bayer's entire opinion consists of his finding that "[t]he subject vehicle sustained significant roof crush damage" and that "[d]uring the rollover sequence, the roof of the Ford F-150 was crushed so far as to be the likely cause of the fatal injuries to Ms. Macias." (Mauch Decl., Doc. No. 33-1, Ex. A.) Further, Mr. Bayer identified all the materials he reviewed in forming his opinion. In fact, Mr. Bayer only relied on documents available to both parties

during discovery. Thus, the Court does not agree with Defendant's contention that it "literally has no idea whatsoever what this expert will opine about or what his analysis entailed." (Doc. No. 33-1 at 10.) Mr. Bayer's conclusion is expressed in a single sentence and Defendant is fully capable of responding to his brief opinion and cross-examining him on the foundation for his opinion. As Defendant states in the motion, Mr. Bayer's conclusion represents what "has been Plaintiffs' contention all along." (*Id*.) Therefore, this is not a situation where Defendant is caught by surprise with a new theory of liability. Defendant also argues that the report is deficient because it does not include 'any exhibits that will be used to summarize or support [his] opinions.' (Doc. No. 33-1 at 10.) Yet, it is clear from Mr. Bayer's written disclosure that the exhibits used to support his opinion include the picture of the Ford F-150 at rest on the roadway (reproduced in the report at Figure One), the picture of Ms. Macias restrained in the vehicle (reproduced in the report at Figure Two), the California Traffic Collision Report with diagram, and the coroner's report. (Mauch Decl., Doc. No. 33-1, Ex. A.) Given the incorporation of these photographs and the identification of exhibits such as the coroner's report, the Court does not believe that Mr. Bayer's disclosure fails to adequately identify the exhibits he will rely on to support his opinions. Any prejudice suffered by Defendant from the tardiness of Mr. Bayer's expert report can be addressed by a remedy less severe than striking the entire report.

Nevertheless, if Mr. Bayer attempts to deviate from the opinions in his written disclosure or reference exhibits not identified in his May 25 report, Defendant will have strong grounds to argue that those opinions and exhibits should be excluded as improper supplementation. *See, e.g., Salgado v. General Motors Corp.,* 150 F.3d 735, 743 (7th Cir. 1998) (affirming exclusion of expert witness testimony where initial report filed late and more detailed "information contained in the supplemental report must have been available before the missed deadline"); *Metro Ford Truck Sales, Inc., v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir. 1998) (holding supplemental disclosures "are not intended to provide an extension of the expert designation and report production deadline").

Accordingly, Defendant's motion to strike Mr. Bayer's report and testimony is **DENIED**. If Defendant wishes to depose Mr. Bayer regarding his May 25 report, it may do so. The deadline to complete expert discovery is extended until **July 29, 2011** to complete this

deposition. Plaintiffs are ordered to produce Mr. Bayer on a date and time convenient for Defendant's counsel, but no later than July 29, 2011. The Court will also extend Defendant's deadline to file pretrial motions, other than motions in limine, by three weeks. The new deadline is **August 19, 2011**.

### 2. Never Produced Reports

Defendant also requests that the Court strike the disclosures and exclude the three expert witnesses that have not provided reports, i.e. Bob Caldwell, Terence Honikman, and Marvin Pietruszka. (Doc. No. 33-1 at 8; No. 36 at 2.) Plaintiffs' opposition makes no reference to these expert disclosures and is devoid of any explanation for how the failure to provide these three reports is substantially justified or harmless. Because Plaintiffs have not opposed Defendant's request with respect to these three experts, the Court presumes that they acquiesce to having these reports stricken and the witnesses excluded. Nonetheless, in an abundance of caution, the Court will allow Plaintiffs to respond by explaining whether striking these reports is unwarranted because the delay is either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiffs must file a supplemental opposition no later than **July 12, 2011**. Plaintiffs' failure to file a supplemental opposition will be taken as a concession that these three expert designations should be stricken and that the experts will not be permitted to testify at trial.

### CONCLUSION

For the reasons stated above, the Court orders:

1. Defendant's Motion to Strike Plaintiffs' Expert Witness Reports (Doc. No. 33) is **GRANTED in part and DENIED in part** consistent with this order. Plaintiffs' expert, Mr. Bayer, must be available for his deposition no later than **July 29, 2011**.

2. In order to complete Mr. Bayer's deposition, expert discovery is extended only for Defendant, and only until **July 29, 2011**. Defendant is also granted a short extension to file pretrial motions. Any pretrial motions, other than motions in limine, must be filed no later than **August 19, 2011**.

3. Plaintiffs' counsel is ordered to file a supplemental opposition no later than **July 12, 2011**. Failure to file the supplemental opposition will be deemed a concession that these expert designations should be stricken.

IT IS SO ORDERED.

DATED: July 7, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court