UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO and MARIA TERESA MACIAS,<br><br>Plaintiffs,<br><br>vs.<br><br>SPENCER RIVAS PEREZ, et al.,<br><br>Defendants. | CASE NO. 10cv973-MMA (BGS)<br><br>**ORDER RE: PLAINTIFFS' EX PARTE MOTION TO STAY OR DEFER COURT'S RULING ON MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 47] |

On May 12, 2009, Plaintiffs Mario and Maria Teresa Macias filed this wrongful death action in the Superior Court of California, County of Imperial, alleging causes of action for negligence and products liability against Defendants Spencer Rivas Perez, Susan Arcy and her estate, and Ford Motor Company ("Ford"). On May 5, 2010, Ford removed the case to this court. *See* Doc. No. 1. Early attempts at settlement failed, and the parties commenced discovery. *See* Doc. Nos. 6-8. After multiple disputes and requests to extend various deadlines, all discovery concluded on July 29, 2011. *See* Doc. No. 38. In compliance with the Court's scheduling order, Ford filed a motion for summary judgment on August 19, 2011. *See* Doc. No. 42. Plaintiffs failed to file a timely opposition, and now move *ex parte* for various forms of relief. *See* Doc. No. 47. After considering Plaintiffs' submission, Ford's response, and other pertinent matters of record, the Court rules as follows.

## DISCUSSION

Plaintiffs foremost request a stay of the summary judgment proceedings. According to Plaintiffs, they entered into a binding settlement of their claims after accepting Ford's August 9, 2011 offer of judgment pursuant to Federal Rule of Civil Procedure 68. Based thereon, Plaintiffs contend the Court should defer ruling on the summary judgment motion while they pursue enforcement of the purported settlement. Ford confirms extending the Rule 68 offer, but denies receiving Plaintiffs' August 17, 2011 written acceptance. Ford opposes Plaintiffs' suggested stay of the summary judgment proceedings, as well as Plaintiffs' alternative request for an extension of time in which to file a late opposition to the pending motion.

Rule 68(a) provides a specific procedure for a party to make an offer of judgment:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

*See* FED. R. CIV. P. 68. Here, neither party executed the filing requirement, no judgment has been entered, and thus there is no judgment to enforce. Furthermore, unless the terms of a settlement are "embodied in a judicial order retaining jurisdiction of the case in order to be able to enforce the settlement without a new lawsuit," those terms have no legal significance. *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). The Court is without jurisdiction to enforce the terms of settlement embodied within Ford's offer of judgment. As such, the Court **DENIES** Plaintiffs' request to stay these proceedings or defer ruling on the pending motion for summary judgment.

In the alternative, Plaintiffs seek an extension of time in which to file an opposition to Ford's motion. After mailing the letter accepting Ford's offer of judgment on August 18, 2011, Plaintiffs' counsel states he was then "out of the office" most of the latter part of August and therefore "was not personally aware of the service of the summary judgment motion" until Ford filed a Notice of Non-Opposition on September 26, 2011 and his partner brought the filing to his attention. *Hanassab Decl'n* ¶¶ 6, 8-9. Based on his belief that the case had settled, Plaintiffs' counsel admits he "ceased all work on the case." *Plaintiffs' Motion*, 4.

The decision to extend a deadline is committed to the discretion of the Court. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007). A motion for extension of time filed before a deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). However, if such a motion is filed after the deadline has passed, the good cause standard becomes more stringent. In such a case, the Court should grant the motion only when the moving party missed the deadline due to "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In the Ninth Circuit, excusable neglect "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

A district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes excusable neglect. *Ahanchian*, 624 F.3d at 1261. These four factors include: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.,* citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In considering these factors, the court also must be mindful that "Ninth Circuit precedent bars district courts from granting summary judgment simply because a party fails to file an opposition." *See Ahanchian*, 624 F.3d at 1258.

Here, the *Pioneer* factors weigh in favor of granting Plaintiffs an extension of time to oppose Ford's summary judgment motion. The length of the delay will be negligible, and prejudice to Ford will be minimal. While Ford suggests bad faith on the part of Plaintiffs' counsel, this appears instead to be a classic case of negligent representation. Rather than assuming the case was settled, Plaintiffs' counsel undoubtedly should have continued to monitor the proceedings until a judgment was entered and his clients received their settlement funds. Because Plaintiffs' counsel consented to electronic notice pursuant to Civil Local Rule 5.4, this would not have been difficult to accomplish, even while out of the office for several weeks.

The Court finds that Plaintiffs' failure to file a timely opposition to Ford's motion resulted from the "negligence and carelessness" of counsel, "not from deviousness or willfulness," and thus

1 should be excused. *Bateman*, 231 F.3d at 1225 (excusing an attorney's failure to timely oppose a
2 summary judgment motion due to "his recovery from jet lag and the time it took to sort through the
3 mail that had accumulated while he was away"). Accordingly, the Court **GRANTS** Plaintiffs'
4 request for an extension of time to oppose Ford's summary judgment motion.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' *ex parte* motion. Plaintiffs shall file an opposition to the pending motion for summary judgment on or before ***October 21, 2011***. Ford may file a reply on or before ***October 28, 2011***. The Court shall determine the motion on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.

**IT IS SO ORDERED**.

DATED: October 11, 2011

Hon. Michael M. Anello
United States District Judge